IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| James Maurice Lawton, | ) | Civil Action No. 5:13-2310-MGL |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Gregory T. Knowlin, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner James Maurice Lawton, ("Petitioner"), an inmate in the custody of the South Carolina Department of Corrections, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this matter was referred to United States Magistrate Judge Kaymani D. West for review of post-trial petitions for relief and a Report and Recommendation ("Report").

On April 14, 2014, the Magistrate Judge issued a Report recommending that the Court grant Respondent's Motion for Summary Judgment, (ECF No. 22), and that Petitioner's Petition be denied as time-barred. (ECF No. 35). Objections to the Report were filed by Petitioner on April 25, 2014. (ECF No. 37).

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of a timely filed Objection, a district court need not conduct a *de*

*novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In light of the standards set forth above, the Court has reviewed, *de novo*, the Report and the Petitioner's Objection. In his Objection, Petitioner reiterates arguments advanced in his earlier briefing, maintaining that his situation satisfies the two-prong standard governing "equitable tolling" of the one year statute of limitations in § 2254 actions. (ECF No. 37). Petitioner acknowledges that equitable tolling is a remedy reserved for truly rare circumstances, but maintains that the lateness of his filing should be excused, given both his own diligent efforts in pursuit of his rights and the fact that extraordinary circumstances - in particular, the lack of diligence on the part of his attorneys - prevented a timely filing. Id.

However, after careful review of the Report and the Objection thereto, the Court concurs with the reasoning of the Magistrate Judge and therefore adopts the Report and incorporates it herein by reference. (ECF No. 35). The Court agrees with the Magistrate Judge's determination that Petitioner has failed to show that he exercised the required due diligence to support an application of the equitable tolling doctrine. As the Magistrate Judge sets out, Petitioner allowed approximately 14 months [from April 2006 until June 2007] to pass following his First PCR Application without taking action in support of an appeal. (ECF No. 35 at p. 16). In addition, the Court finds relevant that Petitioner allowed approximately 10 months to pass [from February 2003 to January 2004] before even filing that First PCR Application. *See Tsolainos v. Cain*, 540 Fed.Appx. 394, 399-400 (5th Circuit 2013) (unpublished) (considering 9 ½ month wait between formal conclusion of direct appeal and Petitioner's retention of post-conviction counsel as relevant to lack of due diligence

determination).  These significant periods of inaction combined with the other shorter periods of delay outlined in the Report are not adequately explained by Petitioner to support a finding of due diligence on his part and, ultimately, an application of the equitable tolling doctrine in his case.

For the foregoing reasons, Respondent's Motion for Summary Judgment is hereby **GRANTED**, (ECF No. 22), and Petitioner's Petition for a Writ of Habeas Corpus is **DENIED**.

## Certificate of Appealability

The governing law provides that:

> © (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> © (3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253© .  A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001).  In this case, the legal standard for the issuance of a certificate of appealability has not been met.  Therefore, a certificate of appealability is **DENIED.**

**IT IS SO ORDERED.**

s/ Mary G. Lewis<br>United States District Judge

June 10, 2014
Spartanburg, South Carolina